

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-10-00104-CR

_____

EARNEST L. MCFAIL, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 354th Judicial District Court
Hunt County, Texas
Trial Court No. 26,139

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Chief Justice Morriss

MEMORANDUM OPINION

"Fly" got caught in a trap—a controlled buy of cocaine staged by law enforcement in Hunt County. In the subsequent jury trial, Earnest L. "Fly" McFail was convicted of delivery of one gram or more, but less than four grams, of cocaine.[1] McFail's sole challenge on appeal questions the legal sufficiency supporting his conviction. Because there is legally sufficient evidence, we affirm the trial court's judgment.

McFail was trapped in the controlled drug purchase by the Greenville Police Department and Drug Enforcement Administration (DEA), aided by Ronnie Baucom, a recent arrestee turned confidential informant. Knowing he could purchase crack cocaine from McFail, Baucom carried out a plan in which he would call McFail from a pay telephone to "tell Fly what he needed and Fly would meet him at McDonald's." The trap was set.

As part of the plan, Baucom drove his vehicle to a designated meeting place arranged by the officers. The officers' search of Baucom and his vehicle did not yield drugs. They outfitted Baucom with video surveillance equipment and gave him $100.00 to purchase crack cocaine. While officers watched and listened, Baucom drove to a pay telephone at a local filling station, called McFail, and arranged to meet him in the McDonald's parking lot. After several minutes, a sports utility vehicle (SUV) with tinted windows parked beside Baucom's vehicle in the McDonald's parking lot. Baucom stepped out of his vehicle and into the back seat of the SUV,

---

[1]McFail was sentenced to life imprisonment after pleading true to multiple enhancements alleging he was previously convicted of delivery of cocaine, possession with intent to deliver cocaine, and attempted armed robbery.

2

which McFail was driving. The video showed Baucom handing money to McFail, McFail passing an object to Baucom, and Baucom exiting the SUV. Due to the video camera's position, the actual crack cocaine was not recorded. Baucom testified, "I handed him some money; he handed me some crack." DEA officer Robert P. Binder testified that "drugs were exchanged." After Baucom entered the security of his vehicle, he relayed to officers that he had received "two quarters and five dimes" of crack cocaine. Baucom drove back to the designated meeting place and transferred "off-white, rock-like substance[s]" to the DEA officers. The net amount of crack cocaine totaled 1.3 grams.

In evaluating legal sufficiency, we review all the evidence in the light most favorable to the jury's verdict to determine whether any rational jury could have found the essential elements of delivery of one gram or more but less than four grams of cocaine beyond a reasonable doubt. *Brooks v. State*, No. PD-0210-09, 2010 WL 3894613, at *8 (Tex. Crim. App. Oct. 6, 2010) (4-1-4 decision) (citing *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)); *Hartsfield v. State*, 305 S.W.3d 859, 863 (Tex. App.—Texarkana 2010, pet. ref'd) (citing *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007)). Our rigorous legal sufficiency review focuses on the quality of the evidence presented. *Brooks*, 2010 WL 3894613, at *14. We examine legal sufficiency under the direction of the *Brooks* opinion, while giving deference to the responsibility of the jury "to fairly resolve conflicts in testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007) (citing

3

*Jackson*, 443 U.S. at 318–19).

Legal sufficiency of the evidence is measured by the elements of the offense as defined by a hypothetically correct jury charge. *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997). McFail committed a second degree felony offense if he knowingly delivered one gram or more, but less than four, grams of cocaine. TEX. HEALTH & SAFETY CODE ANN. § 481.112(a), (c) (Vernon 2010).

McFail argues that, because the video did not visually depict the transfer of cocaine to Baucom, the State has failed to meet its burden to prove delivery of cocaine by McFail. Despite Baucom's testimony, he claims "there has been no evidence that the cocaine Baucom handed over to the DEA and Greenville Police Department did not come from a delivery at another location." McFail also argues that, because "there was no testimony that anyone searched the payphone," it is possible the drugs were found or planted there.[2] Baucom testified, however, that there were no drugs in the telephone booth.

McFail's complaints delve into the realm of the jury's purview. The jury was free to believe Baucom's testimony that he purchased crack cocaine from McFail while disregarding defense theories to the contrary. Looking at all the evidence in a light most favorable to the

---

[2]A constructive transfer can occur by placing the contraband "in a particular location and then advis[ing] the recipient of this location so that the recipient can retrieve" it. *Sims v. State*, 117 S.W.3d 267, 268–69 (Tex. Crim. App. 2003). To support his theory, McFail cites a case involving constructive transfer which requires the State to prove the substance was directly or indirectly under a defendant's control before transfer. Because this case involves actual transfer according to Baucom's testimony, this requirement was necessarily met.

verdict, we find in this record legally sufficient evidence for a rational jury to draw an inference beyond a reasonable doubt that McFail delivered 1.3 grams of cocaine.

Therefore, we affirm the trial court's judgment.

Josh R. Morriss, III
Chief Justice

Date Submitted:     December 13, 2010
Date Decided:       December 14, 2010

Do Not Publish

5